IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF IDAHO, INC., and GLENN H. WEYHRICH, M.D., | ) ) ) ) | Case No. CV-05-148-S-BLW |
| Plaintiffs, | ) ) | **JUDGMENT** |
| v. | ) ) | |
| LAWRENCE G. WASDEN, Attorney General of the State of of Idaho, and GREG BOWER, Ada County Prosecuting Attorney, | ) ) ) ) ) | |
| Defendants. _____ | ) ) ) | |

    The Court has before it defendants' motion to dismiss. The plaintiffs do not object to the dismissal of the case on the ground that their challenge has been rendered moot. However, they object to the defendants' attempt to strip the Court's prior decision of any precedential value under the *Munsingwear* doctrine. *See U.S. v. Munsingwear*, 340 U.S. 36 (1950).

    This District has had prior experience with the *Munsingwear* doctrine. In *State of Idaho v. Freeman*, 529 F.Supp. 1107 (D.Idaho 1981), Judge Callister held that Idaho had the right to rescind its ratification of the Equal Rights Amendment.

    While that case was on appeal, the ratification deadline set by Congress

**Judgment – Page 1**

expired, rendering the case moot.  Obviously, it was unfair to have the Court's decision remain as precedent when the appealing parties had been blocked – by operation of legislative action – from pursuing their appeal.  Thus, the Supreme Court vacated the Court's decision, invoking the *Munsingwear* doctrine.  *National Organization for Women v. Idaho*, 459 U.S. 809 (1982).  The case cited by defendants, *Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 875 (9th Cir. 2006), stands for the same principle.

   The circumstances are different here.  Defendants only appealed the severability issue, and thus the actions of the Idaho legislature did not block them from pursuing an appeal – their own decision to forego an appeal accomplished that.  Thus, fairness only demands that the severability portion of the Court's decision be vacated.  The rest of that decision shall remain.  Accordingly,

   NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the motion to dismiss (Docket No. 65) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent that it seeks dismissal of this case and a vacating of only the severability portion of the Court's Memorandum Decision (Docket No. 28)(the section beginning with paragraph 7 on page 22 and ending on page 24), all other parts of the decision remaining intact.  The motion is denied in all other respects.

**Judgment – Page 2**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the preliminary injunction granted in the Court's Memorandum Decision (Docket No. 28) is DISSOLVED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that this action be DISMISSED, and the Clerk of the Court is directed to close the case. Therefore, the hearing currently scheduled on Thursday, November 15, 2007 at 1:00 p.m. on the Motion to Dismiss is hereby vacated.

DATED: **November 14, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court